UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EARL KING HARRISON | CIVIL ACTION NO. 06-cv-1198 |
| VERSUS | JUDGE STAGG |
| LARRY C. DEEN, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Earl King Harrison ("Plaintiff") filed this pro se civil rights action against Bossier Parish Sheriff Larry Deen and three of his deputies based on alleged mistreatment when Plaintiff was housed in a Bossier Parish jail. Plaintiff was more recently incarcerated in a Tallulah jail. The served defendants have filed a Motion for Summary Judgment (Doc. 47) that the Clerk noticed for briefing. Both the motion and the notice were served on Plaintiff at the Tallulah jail address. About a week later, Plaintiff filed a Motion for Protective Order (Doc. 50), and the Clerk of Court noticed that Plaintiff used a new address (which appears to be a private address) in Tallulah. The Clerk updated Plaintiff's address.

Soon afterward, some orders that the Clerk had mailed to Plaintiff at the Tallulah jail were returned because Plaintiff was no longer at the facility when the items arrived. Docs. 53 and 54. The notice regarding the Motion for Summary Judgment, however, was mailed before those items, and it has not been returned. Thus, the record indicates that Plaintiff did receive the motion for summary judgment (certified as served on Plaintiff at the Tallulah jail

address) and notice before his (apparent) release from jail. Furthermore, every "pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 11.1W. Plaintiff has not filed any timely opposition to the Motion for Summary Judgment. It is recommended, for the reasons that follow, that the motion be granted.

**Exhaustion of Administrative Remedies**

One argument raised in the Motion for Summary Judgment is that Plaintiff failed to exhaust his administrative remedies before he filed suit, as required by 42 U.S.C. § 1997e(a), which is an affirmative defense. Jones v. Bock, 127 S.Ct. 910 (2007). Movants cite in support of the argument the affidavits of Lt. Jerry Sims and Capt. Charles Gray. Sims testifies that he is aware of only one complaint that Plaintiff filed, and it involved the cleanliness of the shower area. Sims testifies that he responded to the grievance by placing additional cleaning supplies in the shower area. Capt. Gray states conclusorily that "no grievances were filed pertaining to the issues as stated in the plaintiff's complaint." He adds, "the inmate's handbook includes the grievance procedure and a copy of the grievance form."

This court has granted many motions for summary judgment for prison and jail officials on the grounds that the inmate did not exhaust administrative remedies before filing suit. The motions in those case, most often filed by officials at David Wade Correctional Center and the Caddo Correctional Center, are supported by an affidavit from an official who testifies that he or she is responsible for the administration of the administrative grievance system at the facility. The affidavit will usually explain the grievance procedure and/or be

accompanied by a copy of the grievance procedure in place at the institution, state affirmatively that the affiant has made a review of the grievance records, and declare the results of that review. The affiant usually attaches a copy of any grievances that were filed and the administration's written responses thereto. That degree of detail is lacking in this case, and this is the first time the court is aware of the Bossier Sheriff asserting that a grievance procedure is in place in the Bossier jails. Many Bossier prisoners who have filed suits have alleged that there is no administrative grievance procedure in place or that grievances are ignored. Given that background, and the lack of factual detail regarding the grievance process and the review for any grievances filed, summary judgment is not appropriate with regard to this defense.

**The Merits**

Plaintiff alleges a long list of complaints regarding the Bossier Parish jail. One of his chief complaints related to his healthcare for diabetes and high blood pressure, but Plaintiff later filed a Motion to Dismiss (Doc. 15) and voluntarily dismissed with prejudice all medical claims, stating that a physician had cured him of his problems. That motion was granted, so the medical claims need not be discussed.

Plaintiff alleges that Lt. Jerry Sims took him to a holding cell, called him names, stuck him in the arm with a pen, and told Plaintiff not to file any more grievances. Sims also allegedly responded to Plaintiff's complaint regarding the lack of black deputies at the

facility by telling Plaintiff that the jail "don't need no nigger deputy to handle pieces of shit like you."

Lt. Sims testifies by affidavit that he did not "physically injure [Plaintiff] by sticking him with an ink pen." Sims offers no further detail about the alleged incident, nor does he directly address the claims of racist language. Generally, "verbal abuse by a prison guard does not give rise to a cause of action under Section 1983." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). And even the use of a racial epithet, absent accompanying conduct that deprives the victim of established rights, does not amount to an equal protection violation. Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999). Sims testifies that the alleged physical contact did not occur, and Plaintiff has not offered any competing summary judgment evidence. Thus, although Sims did not respond in his affidavit to the alleged use of the epithet, there is no basis for a constitutional claim arising from that allegation.

Plaintiff made a brief allegation that he had "been here a month no yard call." Lt. Sims and Capt. Gray testified that the prisoners are allowed yard call three times per week, or more, depending on the weather. A roster is placed in the dorm for inmates to sign if they want yard exercise. If an inmate signs the sheet, he is allowed exercise time. Plaintiff has not offered any competing summary judgment evidence, so summary judgment is appropriate with respect to this claim. See Hernandez v. Velasquez, 522 F.3d 556 (5th Cir. 2008) (granting summary judgment when inmate claimed denial of outdoor and out-of-cell exercise for 13 months while on lock-down).

Plaintiff makes a conclusory assertion: "No church service." Lt. Sims and Sgt. Parrish testify that inmates are allowed to exercise religious services in each dormitory. Volunteer religious leaders are allowed to go to the dorms and conduct voluntary services. Plaintiff offers no competing evidence, so summary judgment is proper on this claim.

Plaintiff makes a brief claim of "no law library or regular library." Lt. Sims testifies that a cart with general and law books is taken to the dormitories once a day for inmates to use. Plaintiff has offered no competing evidence, and he has not alleged that he suffered any legal prejudice stemming from a lack of access to law books. There is no abstract right to a law library. Inmates must demonstrate that the alleged shortcoming in the library materials available actually hindered an effort to pursue a challenge to a conviction or sentence or a suit regarding conditions of confinement. Diaz v. Turner, 160 Fed. Appx. 360 (5th Cir. 2005). Movants have shown that they are entitled to summary judgment on this claim.

Plaintiff alleges that his letters that implicated officials in wrongdoing were not mailed by jail officials, but his only specific factual support for the allegation is a contention that he wrote the FBI and, "I doubt if it got mailed." He also complains that legal mail is refused if an inmate sends more than two letters per week, and he expresses dissatisfaction with the lack of a mailbox in the housing area. Lt. Sims testifies that there are no mailboxes in the dormitories because postal workers are not allowed in the housing area. When mail arrives, the inmate is called by name, and his mail is delivered to him. Ordinary mail is opened, but not read, to detect contraband, and legal mail is opened in the presence of the inmate. Mail

sent by an inmate is not opened by the deputies. An inmate with money in his account may purchase stamps at the commissary. If the inmate is indigent, he is allowed two stamps per week. Plaintiff has not offered any competing summary judgment evidence, and he has not even alleged that any aspect of the mail system prejudiced his position as a litigant or otherwise resulted in actual injury. Accordingly, summary judgment is appropriate. See Weatherspoon v. Ferguson, 2008 WL 4699491 (5th Cir. 2008).

The Plaintiff complains that there are "no clothes to wear such as underwear, T-shirts, socks." Lt. Sims testifies that an inmate, upon arrival at the jail, is provided underwear, shower shoes, tennis shoes, socks, T-shirts, and hygiene supplies if they are indigent and need the items. Plaintiff alleges that clothes were washed only once a week. Sims testifies that laundry exchange is once a week, and it is the responsibility of the inmate to provide items for exchange. Plaintiff offers no competing evidence, and he has not alleged any facts to suggest that the laundry system caused him any harm rather than mere personal dissatisfaction with the frequency of the service. Any claim for injunctive relief with respect to this claim was rendered moot when Plaintiff left the Bossier jails, Smith v. City of Tupelo, 281 Fed.Appx. 279, 282 (5th Cir. 2008), and there is no evidence that defendants deprived Plaintiff of the minimal civilized measure of life's necessities, as required to make out an Eighth Amendment claim of this nature. See Wilson v. Seiter, 111 S.Ct. 2321 (1991). Summary judgment is appropriate.

Plaintiff complained that the temperature in the jail was sometimes below 60 degrees, that inmates have to rise at 3:00 a.m., make beds by 6:00 a.m., and are not allowed to get under the covers until 8:00 p.m. Sims testifies that inmates are not allowed under the covers until bedtime for security reasons. He adds that the temperature in the dorms is controlled by a computer and maintained at approximately 75 degrees. He states that he is not aware that the temperature was 60 degrees or below. This uncontested evidence entitles the movants to summary judgment on this claim.

Plaintiff alleges: "Put in lock-down no report, no hearing conducted that's done regular one shift put you in and you stay til that shift comes back to work." Plaintiff does not describe any specific application of this alleged policy to him. Sgt. Joe Parrish testifies that Plaintiff was placed in a holding cell on June 17, 2006 because of a complaint of a nosebleed related to high blood pressure. A nurse was notified, Plaintiff was given medication, and he was released back to his dorm the next day. Based on this uncontested evidence, movants are entitled to summary judgment on this claim.

**Lt. Maggio**

One named defendant is Lt. Maggio. Plaintiff alleges that Maggio took him in a clothes room and beat him up, and that Maggio has called him derogatory and racist names. The Marshal attempted to serve Maggio at the Bossier Parish jail address provided by Plaintiff, but the Marshal's unexecuted return bears a notation that Maggio "no longer works

for Bossier Parish." Doc. 39. Maggio did not join the Motion for Summary Judgment, nor has he otherwise appeared in this case.

The court is obligated to assist Plaintiff with service on Maggio, but the court can only direct service to an address provided to it. It appears that Plaintiff is now out of jail, which should aid him in his ability to investigate and learn Maggio's current address. Plaintiff is also granted leave to issue subpoenas or engage in other discovery to learn from the Sheriff of Maggio's last known address. The Sheriff may shield himself from such discovery by filing, under seal, Maggio's last known address. If the Sheriff elects to file the address under seal, the court will direct the Marshal to attempt service at that address, and Maggio's home address will not be revealed to Plaintiff. If the Sheriff does not provide an address and Plaintiff does not submit one within 45 days after this Report and Recommendation issues, Plaintiff's claims against Maggio will be subject to dismissal for failure to prosecute.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Doc. 47) be **granted** and that all claims against Sheriff Larry Deen, Joe Parrish, and Jerry Sims be **dismissed with prejudice**. The only remaining defendant will be Lt. Maggio.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE