# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| EARL KING HARRISON | CIVIL ACTION NO. 06-cv-1198 |
| VERSUS | JUDGE STAGG |
| LARRY C. DEEN, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Earl King Harrison ("Plaintiff") filed this pro se civil rights action against Bossier Parish Sheriff Larry Deen and three of his deputies based on alleged mistreatment when Plaintiff was housed in a Bossier Parish jail. Sheriff Deen and two of his deputies filed a motion for summary judgment, which the court granted. The only remaining defendant is Lt. Maggio. Plaintiff alleges that Maggio took him in a closed room and beat him up, and that Maggio has called him derogatory and racist names. The Marshal attempted to serve Maggio at the Bossier Parish jail address provided by Plaintiff, but the Marshall's unexecuted return bears a notation that Maggio "no longer works for Bossier Parish." Doc. 39.

In the Report and Recommendation regarding the motion for summary judgment, the court noted that Maggio had not been served and had not otherwise appeared in the case. The court explained that it was obligated to assist Plaintiff with service, though the court could only direct service to an address provided to it. Plaintiff was then out of jail, which would aid him in his ability to investigate and learn Maggio's current address. The court granted Plaintiff leave to issue subpoenas or engage in other discovery to learn from the

sheriff or other sources of Maggio's last known address. Plaintiff was advised that his claims against Maggio would be subject to dismissal for failure to prosecute if he did not submit an address for Maggio within 45 days after the December 1, 2008 Report and Recommendation.

The 45-day period has long since passed, and there has been no action of record by Plaintiff with regard to Maggio's address or otherwise. The court provided ample time for Plaintiff to discover and provide the address. The court is unable to proceed further with any claims against Maggio until Maggio has been served, and the court has no information regarding a valid address for that service. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that all claims against Lt. Maggio be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE